# Exhibit A

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

**WARREN & GRANT, P.A.**,
a Florida Professional Association,

    Plaintiff,

v.                                        CASE NO.: _____

**TRUIST BANK, N.A.**,
a National Banking Association,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, WARREN & GRANT, P.A., by and through its undersigned counsel, hereby sues Defendant, TRUIST BANK, N.A., and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff, WARREN & GRANT, P.A., is a Florida corporation and law firm with its principal place of business in Palm Beach County, Florida.

2. Defendant, TRUIST BANK, N.A., (hereinafter "Truist") is a national banking association authorized to do business in and transacting business in the State of Florida, including Palm Beach County.

3. This Court has jurisdiction over this matter pursuant to Florida law because the amount in controversy exceeds $50,000.00, exclusive of interest, costs, and attorney's fees.

4. Venue is proper in Palm Beach County, Florida, because the acts and/or omissions giving rise to this action occurred in this Palm Beach County, and Truist conducts business in this County.

1

**GENERAL ALLEGATIONS**

5. At all relevant times, Plaintiff maintained a business relationship and various bank accounts with Truist (and its predecessors-in-interest) for over two (2) decades.

6. Plaintiff originally banked with Colonial Bank, which then merged with BB&T on or about August 2009.

7. Truist began its relationship with Plaintiff on or about December 6, 2019 when it merged with BB&T.

8. At that time, all of Plaintiff's accounts came under the operation and control of Truist, including Plaintiff's IOTA real estate trust account (the "Account") bearing Account number ▆▆▆▆▆▆▆▆▆▆.

9. Plaintiff's Account is used to hold and manage funds entrusted to Plaintiff by Plaintiff's clients and other third parties for real estate transactions.

10. After Truist assumed control of the Account, Plaintiff entered into an agreement requiring Plaintiff to use Truist's new commercial banking platform, **OneView**, to initiate wire transfers from the Account.

11. Truist's representatives assured Plaintiff the OneView platform offered heightened security features to protect the Account.

12. The OneView platform required Plaintiff to use a **two-factor authentication system**, consisting of a hard token device called the **Truist Authenticator Application** and a username and password for initiating, submitting and executing any wire transfer.

13. Truist's website for OneView assures users "Your security is top of mind" and "Keeping your information safe is our priority."

2

14. Truist's representatives specifically informed Plaintiff that the OneView platform contained heightened security measures which required two-factor authentication for every wire transfer, necessitating the Truist Authenticator Application process.

15. At the time of agreeing to use the OneView platform, Truist representatives assured Plaintiff that a wire transfer could not be initiated, submitted, or executed without inputting the electronic random number generator code provided by the Truist Authenticator Application hard token device.

16. Plaintiff agreed to maintain the token in a safe location and authorized only trusted representatives to use it.

17. On or about November 18, 2024, without Plaintiff's knowledge or authorization, an unauthorized third-party identified as Doren Matizx gained access to the Account, created an unauthorized user and **bypassed** the Truist Authenticator Application to initiate six (6) unauthorized wire transfers; all in breach of Truist's agreement with Plaintiff, see Exhibit "A" ("Unauthorized Transfers").

18. Five (5) of the Unauthorized Transfers were from the Account and one (1) Unauthorized Transfer was from Defendant's IOTA trust account ending in ▇▇▇▇.

19. Despite the agreed-upon security measures, including two-factor authentication, Truist failed to prevent or detect the unauthorized user or prevent the initiation of the Unauthorized Transfers.

20. This failure directly violated Truist's contractual and statutory obligations to protect Plaintiff's Account.

3

21. Upon receipt of automatically generated email notifications from Truist regarding the Unauthorized Transfers, Plaintiff immediately contacted Truist to report the unauthorized activity.

22. As a result, Truist intercepted four (4) of the Unauthorized Transfers.

23. However, Truist failed to recover two (2) of the transfers, resulting in a total loss of $198,000, as detailed in Exhibit "B."

24. After Plaintiff reported the Unauthorized Transfers, Truist instructed Plaintiff to close the affected accounts and implemented account monitoring measures that required daily telephone calls and manual reconciliation of account activity.

25. Despite these efforts, Truist refused to provide Plaintiff with any information regarding the Unauthorized Transfers, the status of the missing funds, or whether Plaintiff would be reimbursed for the losses.

26. Truist's failure to communicate and refusal to return the wrongfully transferred funds is causing Plaintiff significant financial harm and operational disruption.

### COUNT I: VIOLATION OF FLORIDA STATUTES CHAPTER 670

27. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-six (26) as if fully set forth herein.

28. Pursuant to Florida Statute §670.202 banks are required to follow agreed upon security procedures to verify the authenticity of a payment order (including wire transfers).

29. If a transfer is completed without adhering to such procedures, the bank is liable for such unauthorized transfers.

4

30. Plaintiff and Truist agreed to follow the Truist's OneView procedures, including the use of a two-factor authentication using the Truist Authenticator Application hard token device, plus a username and password when initiating and sending any wire transfer.

31. Plaintiff did not authorize any of the Unauthorized Transfers.

32. Truist failed to follow the agreed upon two-factor authentication process.

33. Plaintiff did not disclose its username or password to any third parties.

34. Plaintiff was in sole possession of its Truist Authenticator Application hard token device.

35. Despite Plaintiff's efforts to keep its authentication information secure, Truist allowed Plaintiff's authentication information to be manipulated, compromised or bypassed in contravention of Truist's own security procedures.

36. Truist failed to adhere to the security procedures to which Plaintiff agreed.

37. The procedures that Truist used to execute the Unauthorized Transfers were not the "security procedures" as defined in Florida Statute §670.201, were not agreed upon by Plaintiff and were not commercially reasonable.

38. Truist failed to act in good faith in authorizing and executing the Unauthorized Transfers.

39. Truist failed to act in a way that reflected the parties reasonable expectations as to how the security procedures should operate.

40. Plaintiff has been damaged by Truist's conduct, in an amount including but not limited to the $198,000.00 wrongfully withdrawn from Plaintiff's account and interest on funds Plaintiff borrowed to return the wrongfully withdrawn funds into the account.

## COUNT II – BREACH OF CONTRACT

41. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-six (26) as if fully set forth herein.

42. Plaintiff and Truist had a valid contract relating to Plaintiff's use of Truist's OneView security platform.

43. Truist materially breached the contract in the following ways:

   a. Allowing an unauthorized person to gain access to the Account; and

   b. Allowing wire transfers from the Account without the use of the Truist Authenticator Application hard token device.

44. Plaintiff has been damaged by Truist's breach of contract, in an amount including but not limited to the $198,000.00 wrongfully withdrawn from Plaintiff's account and interest on funds Plaintiff borrowed to return the wrongfully withdrawn funds into the account.

## COUNT III –NEGLIGENCE

45. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-six (26) as if fully set forth herein.

46. Truist, as a bank, owed Plaintiff, its customer, a duty of care.

35. Truist breached its duty to Plaintiff by allowing an unauthorized person to gain access to Plaintiff's OneView banking platform and the Account, allowing the unauthorized person to initiate, submit and execute the Unauthorized Transfers without the use of the Truist Authenticator Application hard token device.

36. Plaintiff has been damaged by Truist's breach of its duty of care, in an amount including but not limited to the $198,000.00 wrongfully withdrawn from Plaintiff's account and interest on funds Plaintiff borrowed to return the wrongfully withdrawn funds into the account.

37. Truist's conduct was a proximate cause of Plaintiff's damages.

**COUNT IV – GROSS NEGLIGENCE**

37. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs one (1) through twenty-six (26) as if fully set forth herein.

38. Truist owed Plaintiff a duty to exercise a higher standard of care in participating in IOTA programs and safeguarding attorneys' IOTA trust accounts.

39. Truist assured Plaintiff that Plaintiff was participating in Truist's highest standard of account protection, which protected Plaintiff's IOTA trust account from imminent dangers of account hacking, so long as Plaintiff safeguarded its username, passcode and Authenticator Application hard token device.

40. Truist owed Plaintiff a duty to exercise a higher standard of care when safeguarding Plaintiff's IOTA trust account, including ensuring the integrity and security of its banking systems and compliance with agreed-upon security measures, such as the two-factor authentication process.

41. Truist had knowledge of the imminent threat and danger of internal bank hacking, notwithstanding the customer's safeguarding of its username, passcode and Authenticator Application hard token device. Yet despite such knowledge, Truist disregarded its own security measures and failed to prevent the Unauthorized Transfers.

42. Truist grossly breached its duty of care by:

7

   a. Failing to implement and enforce adequate security measures to protect Plaintiff's Account, despite representing the use of "heightened security" features;

   b. Allowing unauthorized third parties to bypass Truist's security system and initiate he Unauthorized Transfers without requiring the two-factor authentication code;

   c. Failing to detect and prevent fraudulent activity, despite having control over the Account for years and being in daily communication with Plaintiff regarding account activity; and

   d. Failing to communicate or cooperate with Plaintiff after the fraudulent transfers were reported, exacerbating the financial damage.

43. Truist's conduct demonstrated **reckless indifference and willful disregard** for Plaintiff's rights and safety by failing to adhere to the security measures it promised and represented.

44. Truist's grossly negligent actions and omissions directly and proximately caused Plaintiff to suffer financial losses in the amount of $198,000, plus additional operational, administrative, and reputational harm.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant Truist Bank for the following relief:

   a. Compensatory damages, including but not limited to the amount of $198,000 for the Unauthorized Transfers;

b.  Punitive damages for Defendant's gross negligence;

c.  Prejudgment and post-judgment interest;

d.  Any other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on any and all issues so triable.  DATED this 10th day of February, 2025.

> Respectfully submitted,
>
> WARREN & GRANT, P.A.
> Attorneys for Plaintiff
> 4800 N. Federal Hwy., Suite A-205
> Boca Raton, FL 33431
> Telephone:   (561) 681-9494
> Facsimile:   (561) 681-9436
> E-Mail:   Michael@WarrenGrant.com
>          Rick@WarrenGrant.com
>          Jacob@WarrenGrant.com
>
> By:  /s/ Richard B. Warren, Esq.
>      RICHARD B. WARREN, ESQ.
>      Fla. Bar No: 326089
>      MICHAEL L. GRANT, ESQ.
>      Fla. Bar No: 799661
>      JACOB W. WARREN, ESQ.
>      Fla. Bar No: 0119445

9

EXHIBIT "A"



10

**EXHIBIT "B"**

## DEBIT CONFIRMATION

| | |
|---|---|
| **Transaction Reference Number:** | 2024111800013250 |
| **Value Date:** | 11/18/2024 |
| **Account Number:** | ███████████ |
| **Account Name:** | WARREN & GRANT PA |
| **Reference Number:** | S0049537210000806R0000000O0000000 |
| **Transaction Posting Time:** | 2024/11/18 11:22:54 |

**Amount:** 98,000.00    **Currency:** US Dollar

**Debit Party Information:** ███████6383/
WARREN & GRANT PA
IOTA REAL ESTATE TRUST ACCT
4800 N FEDERAL HWY STE 205A
BOCA RATON FL 33431-5176

**Sender's Reference:** 9710290

**Originating Party Information:** ███████6383
WARREN AND GRANT PA
4440 PGA BLVD STE 200
PALM BEACH GARDENS FL 334106550

**Credit Party Information:** P/0959
BANK OF AMERICA NATIONAL ASSOC
100 W 33RD STREET 4TH FLOOR
NEW YORK NY 10001

**Originator to Beneficiary Information:** ███████0890
SERIES CLARITY LLC
9931 CODDINGTON WAY
SAINT LOUIS MT 63132 US

*NOT A CERTIFIED COPY*

## DEBIT CONFIRMATION

| | |
|---|---|
| Transaction Reference Number: | 2024111800012833 |
| Value Date: | 11/18/2024 |
| Account Number: | ██████████ |
| Account Name: | WARREN & GRANT PA |
| Reference Number: | S00489106I0000759R0000000O0000000 |
| Transaction Posting Time: | 2024/11/18 11:12:53 |

Amount: 100,000.00               Currency: US Dollar

Debit Party Information:
███████6383/
WARREN & GRANT PA
IOTA REAL ESTATE TRUST ACCT
4800 N FEDERAL HWY STE 205A
BOCA RATON FL 33431-5176

Sender's Reference: 9710139

Originating Party Information:
███████6383
WARREN AND GRANT PA
4440 PGA BLVD STE 200
PALM BEACH GARDENS FL 334106550

Credit Party Information:
P/0959
BANK OF AMERICA NATIONAL ASSOC
100 W 33RD STREET 4TH FLOOR
NEW YORK NY 10001

Originator to Beneficiary Information:
███████0890
SERIES CLARITY LLC
9931 CODDINGTON WAY
SAINT LOUIS MT 63132 US

NOT A CERTIFIED COPY

