**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

WARREN & GRANT, P.A.,

    Plaintiff,                                         Case No. 9:25-cv-80358-AMC

vs.

TRUIST BANK, N.A.,

    Defendant.

_____/

**MOTION TO COMPEL MORE COMPLETE RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff, WARREN & GRANT, P.A. ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 37 and Local Rule 26.1(g), moves this Court for an Order compelling Defendant, TRUIST BANK, N.A. ("Defendant" or "Truist"), to produce all documents responsive to Plaintiff's First Request for Production. In support of this Motion, Plaintiff states:

**INTRODUCTION**

This action arises from unauthorized wire transfers from Plaintiff's account with Truist in November 2024. Plaintiff served its First Request for Production on March 13, 2025, seeking documents relevant to Truist's OneView platform security, the unauthorized transfers, and Truist's investigation. Truist served its Response Pursuant to Plaintiff's First Request for Production on May 19, 2025. Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiff has conferred with counsel for Defendant in good faith to resolve the Truist's objections raised in its Response. In fact, said discussions resulted in Truist filing an Amended Response on May 30, 2025, and a Second Amended Response on July 11, 2025. Despite detailed discussions of each disputed request and proposed compromises, regarding these discovery disputes, Truist continues to rely on boilerplate

1

objections and limited production, impeding Plaintiff's ability to pursue its claims under Florida Statutes Chapter 670 for breaches of security protocols and contractual duties.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 37(a)(3)(B)(iv) permits motions to compel when a party fails to produce documents under Rule 34. Discovery under Rule 26(b)(1) encompasses nonprivileged, relevant matters proportional to the case's needs. Objections claiming undue burden or inaccessibility of electronically stored information (ESI) require specific justification. Fed. R. Civ. P. 26(b)(2)(B); Adelman v. BSA, 276 F.R.D. 681 (S.D. Fla. 2011). Boilerplate objections are insufficient. Fed. R. Civ. P. 34(b)(2)(B); Local Rule 26.1(g)(3)(A). Confidentiality concerns must be addressed via protective orders, not by withholding documents. Fed. R. Civ. P. 26(c); Farnsworth v. Procter & Gamble Co., 758 F.2d 1545 (11th Cir. 1985).

Defendant has objected to producing electronically stored information for multiple requests, claiming the information is "not reasonably accessible because of undue burden or cost." However, Defendant has failed to meet its burden under Rule 26(b)(s)(B) to show that the information is not reasonably accessible. Fed. R. Civ. P. 26. Instead, Defendant has merely listed categories of electronic information it deems not reasonably accessible without providing specific details about the burden or cost associated with accessing this information.

Defendant has refused to produce numerous categories of documents, claiming they are "confidential, subject to trade secret" and that it "will not disclose this information absent entry of a Confidentiality Agreement or court order." This position is improper, as confidentiality concerns must be addressed through a protective order under Federal Rule of Civil Procedure 26(c) and Local Rule 26.1(g)(4) rather than by withholding relevant discovery altogether. There is no

absolute privilege for trade secrets in discovery. Adelman v. BSA, 276 F.R.D. 681 (S.D. Fla. 2011).

**DISPUTED REQUESTS**

**I.     REQUEST NO. 8: Records Related to Creation of Unauthorized User in OneView**

Plaintiff requests that this Court compel Defendant, Truist Bank ("Truist"), to fully respond to Request No. 8, which seeks:

"All records, logs, and data reflecting the creation of an unauthorized user in Plaintiff's OneView account, including the date, time, IP address, and device information used."

　　A.　　The Requested Information is Highly Relevant and Central to Plaintiff's Claims

The Amended Complaint asserts claims under Fla. Stat. §670.202 and for breach of contract arising from Truist's failure to prevent the unauthorized creation of a user profile within Plaintiff's fiduciary IOTA Trust Account. Specifically, the Complaint alleges that on November 18, 2024, Truist permitted an unauthorized third party—"Doren Matizx"—to gain access to Plaintiff's OneView account and create a new administrative user profile with soft-token authentication, all without Plaintiff's knowledge or consent. These allegations form the very core of this case. The records reflecting the creation of that unauthorized user, including login credentials, timestamps, device identifiers, IP addresses, and administrative privileges assigned, are essential to prove:

- That Truist allowed a new user to be created without multilayered authentication;
- That the access came from a location, device, or IP address inconsistent with Plaintiff's historical usage; and
- That Truist failed to follow commercially reasonable security procedures under Fla. Stat. § 670.202(2)–(3) and Section 3 of the Treasury Agreement.

　　B.　　Truist's Objection Under the Bank Secrecy Act is Inapplicable and Misleading

Truist asserts that producing this information could "reveal whether it filed a Suspicious Activity Report ('SAR')" and invokes 31 U.S.C. § 5318(g). However, Request No. 8 does not seek any information about whether a SAR was filed. Plaintiff does not seek any SARs, any information contained in SARs, or any information identifying the existence or nonexistence of a SAR. Rather, Plaintiff seeks internal security logs and metadata that independently document who accessed Plaintiff's OneView account and from what device.

The federal regulations implementing the Bank Secrecy Act do not create a blanket shield over every aspect of a bank's internal fraud logs. Courts have consistently held that "the privilege

created by the SAR regulations does not extend to underlying facts or business records that exist independently of the SAR."

### C. Truist's Boilerplate ESI Objections Are Improper and Unsubstantiated

Truist further objects on the grounds that responsive information may reside in inaccessible systems. These objections are generic, conclusory, and not supported by any evidence or affidavit as required under Rule 26(b)(2)(B), Fed. R. Civ. P. Moreover, Truist's own production (TRUIST 00396–00406) demonstrates that such logs exist and can be retrieved.

### D. Defendant's Reservation of Rights Is Not a Justification for Withholding

Truist's vague reservation of privilege objections does not excuse nonproduction. Any withheld material must be supported by a privilege log under Rule 26(b)(5).

### E. Defendant's Partial Production Is Incomplete and Suggests More Documents Exist

Truist has produced some materials, but key metadata and user creation audit logs have not been provided. Plaintiff requests the Court compel full production.

Conclusion on Request No. 8

Plaintiff respectfully requests the Court enter an order compelling production of all documents and metadata responsive to Request No. 8 and overruling Truist's objections.

## II. REQUEST NO. 10: Internal Reviews and Audits Related to Unauthorized Transfers

Plaintiff seeks the following:

"All records of any internal reviews, audits, or reports conducted by Truist related to the Unauthorized Transfers."

### A. The Requested Materials Are Highly Relevant and Discoverable

Plaintiff alleges Truist failed to prevent and detect the unauthorized creation of a user profile. Documents responsive to this request are critical to determine Truist's knowledge of the breach, any internal security failures, and whether Truist followed commercially reasonable standards. Such materials go directly to Plaintiff's claims under Fla. Stat. § 670.202 and for breach of contract.

### B. Truist's Bank Secrecy Act Objection Is Misplaced

4

Plaintiff is not requesting a Suspicious Activity Report or confirmation of whether one was filed. Plaintiff is requesting Truist's own internal investigative materials. Courts have consistently held such business records are not protected merely because they informed the filing of a SAR.

C. Truist's ESI Objections Are Vague, Boilerplate, and Unsupported

Truist's undue burden objections fail to identify what data is being withheld or why it is inaccessible. Truist has made partial production, showing that responsive documents can be located.

D. Truist's Partial Production is Incomplete and Demonstrates that More Exists

Documents labeled TRUIST 00088–00286 and 00396–00406 do not contain internal reviews, post-incident investigations, or IT security evaluations. Plaintiff respectfully requests that the Court compel Truist to produce the complete internal record.

Conclusion on Request No. 10

Plaintiff requests an order compelling full production of internal reviews, incident reports, and audits concerning the Unauthorized Transfers, subject to redaction of any SAR-related material and provision of a privilege log.

### III.  REQUEST NO. 12: Communications with Law Enforcement, Cybersecurity Firms, or Regulatory Bodies

Plaintiff seeks the following:

"All communications between Truist and law enforcement agencies, cybersecurity firms, or regulatory bodies regarding the Unauthorized Transfers."

A. The Requested Communications Are Relevant and Discoverable

Plaintiff seeks to discover whether Truist notified, coordinated with, or received findings from law enforcement, cybersecurity experts, or regulatory agencies (e.g., FDIC, OCC, or FFIEC) regarding the security breach that resulted in the Unauthorized Transfers. These communications go directly to Truist's knowledge of the breach, its scope, how it occurred, and whether Truist was advised of or acknowledged internal filings.

Such communications may also show whether Truist failed to cooperate with regulators or law enforcement—or failed to follow their guidance—further supporting Plaintiff's claims that Truist acted negligently and failed to employ commercially reasonable security procedures under Fla. Stat. § 670.202.

B. SAR Privilege Does Not Justify Withholding Entire Categories of Communications

Truist invokes the SAR privilege once again, but Plaintiff is not seeking any SARs or confirmation of their existence. Plaintiff seeks only communications that exist independently and which may have been shared with law enforcement or regulators. Courts have repeatedly held that such communications are not protected by the SAR privilege unless they directly disclose the existence of a SAR or include the SAR itself. Lesti v. Wells Fargo Bank NA, 297 F.R.D. 665 (M.D. Fla. 2014).

C. Truist's Boilerplate ESI Objections Remain Improper

Truist's generalized assertions about undue burden, inaccessibility, and lack of temporal limitation are unsupported by any affidavit or evidence. The time period is self-evidently limited to post-November 18, 2024, the date of the Unauthorized Transfers. Communications with law enforcement or cybersecurity experts about a discrete set of events are narrow in scope and should be readily identifiable.

D. Truist Must Produce a Privilege Log for Any Withheld Material

To the extent any such communications are withheld under claims of privilege or protection, Truist is obligated to produce a privilege log identifying the document, date, author, recipient, and basis for the privilege. Its blanket refusal to produce anything, while reserving the right to assert privilege later, is improper under Rule 26(b)(5), Fed. R. Civ. P.

Conclusion on Request No. 12

Plaintiff requests an order compelling Truist to produce all communications with law enforcement agencies, cybersecurity firms, and regulators regarding the Unauthorized Transfers, excluding only privileged material supported by a proper privilege log.

## IV. REQUEST NO. 13: Prior Complaints Regarding OneView Security Breaches or Unauthorized Wires

Plaintiff seeks the following:

"All complaints, reports, or similar claims received by Truist regarding unauthorized wire transfers or security breaches in OneView accounts in the past five (5) years."

A. The Requested Information is Relevant to the Reasonableness of Truist's Security Procedures

Plaintiff alleges that Truist's OneView platform permitted an unauthorized actor to create a new administrative user and initiate wire transfers without proper multi-factor authentication or verification, despite Plaintiff's use of a hard-token-based security protocol. Evidence that other users of the OneView platform experienced similar security failures in recent years is directly relevant to:

- Whether Truist had prior notice of vulnerabilities in the OneView platform;

- Whether Truist failed to address known weaknesses or implement reasonable enhancements;
- Whether the security procedures employed were consistent with industry standards; and
- Whether Truist's risk controls were commercially reasonable under Fla. Stat. § 670.202.

Courts routinely permit discovery of similar incidents involving the same system or process to establish notice, pattern, and foreseeability. Davich v. Norman Bros. Nissan, Inc., 739 So. 2d 138 (Fla. 5th DCA 1999).

B. The Request is Appropriately Tailored and Not Unduly Burdensome

The request is not overbroad. It seeks complaints limited to OneView security breaches and unauthorized wire transfers—matters that share the same core facts and legal theory as Plaintiff's claims. A five-year period is reasonable, particularly given Truist's long-standing operation of the OneView platform and the nature of data retention in the banking industry.

C. Privacy Laws Do Not Bar Production of Redacted Complaint Records

Truist's objection based on customer privacy rights under the Florida Constitution, the Gramm-Leach-Bliley Act (GLBA), and Fla. Stat. §655.059 is misplaced. Plaintiff does not seek confidential customer data or account numbers. Plaintiff seeks redacted records showing Truist's knowledge of system-wide deficiencies. The GLBA and Florida law expressly permit disclosure where the information is necessary to verify or corroborate account-related risks or is redacted to protect customer identity. See Adelman v. BSA, 276 F.R.D. 681 (S.D. Fla. 2011). (permitting discovery of bank security incidents with redactions); Fla. Stat. § 655.059(2)(b)* (allowing disclosure of account information "to meet the needs of commerce").

D. Truist's Argument Regarding Plaintiff's Alleged Authorization is Not a Proper Objection to Discovery

Truist's assertion that the unauthorized user was created using Plaintiff's administrator's credentials is not a proper basis to object to discovery. That claim is a factual defense that may be litigated at trial. It does not obviate Truist's discovery obligations. Plaintiff disputes that any such authorization occurred and contends the credential use was hijacked or circumvented—an issue that may be clarified by similar breach complaints.

Conclusion on Request No. 13

Plaintiff respectfully requests the Court overrule Truist's objections and compel it to produce complaints, claims, or reports of other unauthorized wire transfers or OneView security failures from the past five years, with identifying customer information redacted as appropriate.

### V. REQUEST NO. 23: Internal Identification of Employees or Agents Involved in Response to Unauthorized Transfers

Plaintiff seeks the following:

"All internal memoranda, reports, or emails identifying employees, agents, or experts involved in investigating, reviewing, or handling the Unauthorized Transfers."

    A.  The Request Seeks Foundational Information Regarding Truist's Investigation

This request seeks the identification of individuals - employees, agents, or retained experts—who were involved in Truist's response to the Unauthorized Transfers. Such information is not only relevant but foundational to Plaintiff's ability to pursue depositions, explore the scope of Truist's internal investigation, and evaluate Truist's knowledge of security vulnerabilities and failures.

The names of individuals involved in the review and resolution of this incident are plainly discoverable. *See* Fed. R. Civ. P. 26(b)(1)* (permitting discovery of identity and location of persons with knowledge of any discoverable matter). The communications requested will likely show internal accountability, chain of custody for investigation steps, and knowledge by specific personnel—all relevant to both liability and damages.

    C.  The Request Is Proportional and Narrow

The request is not overbroad or unduly burdensome. It is targeted to a specific, singular incident: the November 2024 Unauthorized Transfers. It does not request system-wide employee records or generalized security audits. The temporal scope is inherently limited and the subject matter is precise.

Truist has already produced a document subset (TRUIST 0088 to 00286), suggesting that at least some responsive records are accessible and retrievable.

    D.  SAR Privilege Does Not Shield Employee Identity or Independent Internal Documents

Truist again invokes the SAR privilege under 31 U.S.C. § 5318(g), but this request does not ask whether a SAR was filed. Identifying the individuals who were assigned to investigate the breach or draft internal reports does not disclose the existence of a SAR or its content. To the extent any privileged material is embedded in a document, redaction is the proper remedy—not wholesale refusal to respond. *See* <u>Wiand v. Wells Fargo Bank, N.A.</u>, 981 F. Supp. 2d 1214 (M.D. Fla. 2013) (SAR privilege does not extend to underlying facts or persons involved in investigations).

    B.  Truist's ESI Objections Are Unsupported

Truist's boilerplate objections to the production of electronically stored information remain unsubstantiated. It provides no evidence of burden or cost and fails to identify which sources are

allegedly inaccessible. Plaintiff is amenable to reasonable search terms and time frames, and Truist's unwillingness to engage in good faith does not excuse nonproduction.

Conclusion on Request No. 23

Plaintiff respectfully requests the Court compel Truist to produce all internal memoranda, emails, or reports identifying the personnel, agents, or experts who were involved in reviewing, investigating, or responding to the November 2024 Unauthorized Transfers.

## REQUEST FOR ORAL ARGUMENT

Plaintiff, WARREN & GRANT, P.A., respectfully requests the opportunity to argue the pending motion in light of the factual and legal complexities surrounding the issues in this matter. Plaintiff estimates 30 minutes will be required to argue the motion.

## CONCLUSION

For the foregoing reasons, Defendant's objections to Plaintiff's document requests are improper and insufficient under the Federal Rules of Civil Procedure. Defendant has failed to demonstrate that the requested electronically stored information is not reasonably accessible and has improperly withheld documents based on confidentiality concerns that could be addressed through a confidentiality agreement.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order that:

1. Compels Defendant to produce all documents responsive to Plaintiff's First Request for Production within fourteen (14) days of the date of the Order;

2. Enters an appropriate confidentiality order pursuant to Federal Rule of Civil Procedure 26(c);

3. Order Defendant to provide a detailed explanation of why any electronically stored information is not reasonably accessible, including specific information about the burden and cost associated with accessing such information; and

4. Grant such further relief as this Court deems just and proper.

Respectfully submitted this 1st day of August, 2025.

    WARREN & GRANT, P.A.
    Attorneys for Plaintiff
    4800 N. Federal Highway
    Suite A-205
    Boca Raton, FL 33431
    Telephone:   (561) 681-9494
    Facsimile:    (561) 681-9436
    Email: Rick@warrengrant.com

By: /s/ Richard B. Warren, Esq.
    RICHARD B. WARREN, ESQ.
    Florida Bar No. 326089

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I have, on this day, August 1, 2025, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for the counsel or parties who are not authorized to receive electronically Notices of Electronic Filing system:

    WARREN & GRANT, P.A.
    4800 N Federal Hwy, Ste A-205
    Boca Raton, FL 33431
    Phone: (561) 681-9494
    Fax:    (561) 681-9436
    Email:  Rick@warrengrant.com
           Michael@Warrengrant.com
           Jacob@warrengrant.com

By:    /s/ Richard B. Warren
RICHARD B. WARREN, ESQ.
Florida Bar Number 0326089
MICHAEL L. GRANT, ESQ.
Florida Bar Number 0799661
JACOB W. WARREN, ESQ.
Florida Bar Number 0119445

### SERVICE LIST

Counsel for Defendant
Marc T. Parrino, Esq., Sahily Serradet, Esq., LIEBLER, GONZALEZ & PORTUONDO, Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130, Primary Email: service@lgplaw.com, Secondary Email: mparrino@lgplaw.com, Secondary Email: sserradet@lgplaw.com, Via Notices of Electronic Filing generated by CM/ECF and Email Service